**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBRA R. GROSSMAN,<br><br>       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>       Defendant. | **Civil Action No. 18-13360 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

  This matter comes before the Court on the appeal by Plaintiff Debra R. Grossman ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 1, 2014. A hearing was held before ALJ Peter R. Lee (the "ALJ") on September 12, 2017, and the ALJ issued an unfavorable decision on December 11, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 11, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at the medium exertional level, with the limitation that she be permitted to wear shaded lenses. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a school teacher. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds, but this Court need only reach the argument that succeeds: at step four, the ALJ failed to both properly consider Plaintiff's subjective complaints, and to sufficiently explain his discounting of the treating physician's opinion.

Plaintiff first argues that, at step four, there are two problems: 1) the ALJ erred by not properly evaluating Plaintiff's subjective complaints; and 2) the ALJ erred in the weight given to the opinion of treating physician Dr. Jachens. This Court finds that Plaintiff is persuasive as to the second problem: the decision, as written, discounts to some unknown extent the opinion of Dr. Jachens, and has failed to sufficiently explain the decision so that this Court may properly review it.

The issue concerns the disabling impact of Plaintiff's eye problems. At step four, the ALJ briefly reviewed a number of pieces of medical evidence about Plaintiff's eye problems: the records from Dr. Winokur, Dr. Nussbaum, Dr. Xanthos, and Dr. Jachens. (Tr. 19-20.) As to Dr. Jachens, the ALJ stated: "The doctor states that the claimant is able to use her eyes for 'only several hours a day' before developing pain, tearing and extreme sensitivity to light." (Tr. 20.) Next, the ALJ rejected the opinions of the agency reviewing physicians, deciding to give them

2

little weight. (Tr. 20.) The ALJ then stated:

> The opinion by the claimant's doctor at Exhibit 13F is given little weight because the determination of disability is reserved to the Commissioner. However, the doctor's opinion that the claimant cannot use her eyes for several hours has been considered in assessing the limitations regarding eyesight in the residual functional capacity set forth herein.

(Tr. 20.) The reference to the doctor at Exhibit 13F refers to Dr. Jachens. (Tr. 397.) The ALJ then presents his conclusion: Plaintiff retains the residual functional capacity ("RFC") to perform medium work, subject only to the limitation that she be able to wear shaded lenses at work. (Tr. 20.)

The Court agrees with Plaintiff that, in a nutshell, the RFC determination does not make sense. On this record, it is difficult to decide whether the problem is that the ALJ did not explain the decision sufficiently, or that the decision is not supported by substantial evidence, or some combination of both. The bottom line is that the Court cannot discern how the ALJ got from the medical evidence of record to the RFC determination.

Insofar as the ALJ explained his reasoning, that reasoning does not make sense. The ALJ rejected the opinions of the agency reviewing physicians, that much is clear. As to the opinion of treating physician Dr. Jachens, the ALJ states both that the opinion was given little weight, but that it was "considered." (Tr. 20.) This Court has no idea what that means; it raises more questions than it answers. The ALJ refers to a letter that Dr. Jachens wrote, in support of Plaintiff's request to be excused from jury duty, dated March 27, 2016, which states, in its entirety:

> My patient, Debra Grossman, suffers from severe Keratoconjunctivitis Sicca and is quite debilitated by her condition. She is able to use her eyes for only several hours a day before developing pain, tearing and extreme sensitivity to light. For this reason, I ask she be excused from Jury Duty as an entire day of duty would be

3

>    remarkably taxing and painful for her eyes.
>
>    If you have any questions, please do not hesitate to contact me.

(Tr. 397.)   The ALJ explained that this opinion "given little weight because the determination of disability is reserved to the Commissioner."   (Tr. 20.)   The problem is that the letter says nothing about disability, and the ALJ's explanation bears no connection to what Dr. Jachens wrote.   This is a material factual error and is, by itself, a sufficient reason to find that the ALJ's decision is not supported by substantial evidence.   Moreover, the ALJ's decision to give the opinion of a treating physician little weight does not pass muster under the Third Circuit's decision in Morales, which held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).   The ALJ here rejected the opinion of Dr. Jachens for the wrong reason, one that does not square with what Dr. Jachens actually wrote.   The ALJ did not reject the opinion on the basis of contradictory medical evidence, as Morales requires.   This error alone requires that the decision be vacated.

   In addition, this Court cannot discern from the decision how the ALJ got from the medical evidence of record to the conclusion that Plaintiff can work if she wears shaded lenses. There is simply no explanation for this and, as a result, this Court cannot meaningfully review

4

the ALJ's conclusion.  Under Third Circuit law, an ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review."  Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).   In the present case, the ALJ's decision does not contain sufficient explanation of the RFC determination to permit meaningful review.  The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000).

Moreover, the Court notes that the Commissioner's opposition brief does not even attempt to explain how the ALJ decided to include the shaded lenses limitation.   The only piece of evidence cited by the ALJ that appears at all relevant to this is the note from Dr. Nussbaum that Plaintiff is "[v]ery dependent on sunglasses even in office."   (Tr. 19, 322.)   Given the absence of explanation of the ALJ's reasoning, this Court cannot conclude that this constitutes substantial evidence in support of the RFC determination.

This Court finds that the Commissioner's decision must be vacated on two grounds. First, the determination at step four is not amenable to meaningful review.   Second, to the limited extent that this Court has been able to review it, the determination at step four violates Third Circuit law and is not supported by substantial evidence.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

        s/ Stanley R. Chesler  
      STANLEY R. CHESLER, U.S.D.J.

Dated: November 6, 2020